ATKINS NORTH AMERICA, INC. f/k/a Post, Buckley, Schuh & Jernigan, Inc., PBS & J Construction Services, Inc. and Yu–Chun Su, P.E., Petitioners,

v.

CCE, INC., Respondent

No. 11–0481

Supreme Court of Texas.

Opinion delivered: June 12, 2015

Peyton Mcknight, Austin, for Amicus Curiae American Council of Engineering Companies of Texas.

C.A. Davis, Daniel R. Smith, Elizabeth Bloch, Husch Blackwell LLP, Austin, for Petitioner Atkins North America, Inc. f/k/a PBS & J Construction Services, Inc., Post, Buckley, Schuh & Jernigan, Inc. and Yu–Chun Su, P.E.

Benton Thomas Wheatley, Coats Rose Yale Ryman & Lee PC, Charles R. 'Skip' Watson Jr., Locke Lord LLP, Austin, Christopher Benjamin Dove, Locke Lord LLP, Houston, Mike A. Hatchell, Locke Lord LLP, Rex Jason Zgarba, Coats Rose Yale Ryman & Lee PC, Austin, for Respondent CCE, Inc.

PER CURIAM

Petitioners, referred to collectively as Atkins, move for rehearing of the Court's denial of their petition for review. We overrule the motion for rehearing with the following opinion.

The Texas Department of Transportation ("TxDOT") hired CCE, Inc. as general contractor on a road construction project to be built according to plans and specifications furnished to TxDOT by Atkins North America, Inc. During the course of construction, silt escaped from the job site and accumulated on nearby private property. TxDOT directed CCE to remove the silt, and when CCE failed to comply, TxDOT declared CCE in default, ordered it to stop work, and informed CCE's surety it was obliged to arrange for completion of the project. CCE hired a third party to complete the road project, then sued Atkins for the additional costs, alleging that Atkins's plans were faulty and led to the release of silt. CCE asserted claims for negligence, negligent misrepresentation, breach of contract, and breach of warranty.

Atkins moved for summary judgment, contending that the economic loss rule barred recovery of negligence damages, but not making the same argument with respect to CCE's claim for negligent misrepresentation. The trial court granted summary judgment for Atkins. The court of appeals affirmed except for CCE's negligent misrepresentation claim and remanded the case to the trial court. 461 S.W.3d 542.

While Atkins's petition for review was pending in this Court, we held in *LAN/STV v. Martin K. Eby Construction Co.*, 435 S.W.3d 234 (Tex.2014), that the economic loss rule barred a general contractor from recovering delay damages from a project architect with which it did not con-

tract. Atkins argues that the court of appeals' decision in the present case is inconsistent with *LAN/STV*. We think this argument is best addressed by the trial court on remand.

Accordingly, Atkins's motion for rehearing is overruled.